

May 2, 2014

**VIA ELECTRONIC FILING**
Judge Yvonne Gonzalez Rogers
UNITED STATES DISTRICT COURT
1301 Clay Street, Courtroom 1 – 4th Floor
Oakland, CA 94612-5212

    Re:    <u>Canon Solutions America, Inc. v. RMC A Ray Morgan Company et al.</u>,
            U.S. District Court Case No. 4:14-cv-01202-YGR

Dear Judge Gonzalez Rogers:

By this Joint Letter Brief filed pursuant to the Court's Standing Order No. 8, Plaintiff Canon Solutions America, Inc. ("CSA") seeks the Court's intervention regarding: (1) Defendant Royston's alleged "loss" or destruction of key evidence in this case; (2) material and misleading omissions by Defendants in the report submitted to the Court (Dkt. 43) as required by the Court's Order Regarding Initial Document Collection and Preservation ("Preservation Order") (Dkt. 25); (3) Defendants' failure to image Royston's personal computer, as required by the Preservation Order; and (4) Defendants' refusal to produce Royston's personal computer and Defendants' other electronic devices for examination by a forensic expert to determine if there has been any other destruction of evidence or attempts to do so.

**Issue 1:  Royston's "Loss" or Destruction of Evidence:**  As set forth in CSA's Application for Temporary Restraining Order (Dkt. 12), and the supporting Declarations of Douglas Brush (Dkt. 12-6 at ¶¶ 11, 14) and Kimberley Haydel (Dkt. 12-3 at ¶ 22), Royston attached a USB data storage device ("Royston USB") to her CSA computer shortly before her resignation and downloaded key confidential CSA information onto that device.  The Court's Preservation Order required each Defendant to:  (1) search for and preserve any "CSA property and confidential data" under Defendants' control and any "documents, whether in paper or electronic form, that relate in any way to the claims alleged in CSA's Complaint or the subject matter of this litigation;" and (2) forensically image the Individual Defendant's "personal and work computers, cell phones, smart phones, *and any other electronic devices in their possession*."  (Emphasis added.)

CSA has repeatedly asked Defendants' counsel about the Royston USB, and Defendants have been evasive and non-forthcoming.  In a "meet and confer" on April 28, RMC's counsel at McCormick Barstow (who also represented Royston until their withdrawal as her counsel on April 17 (Dkt. 46)), refused to answer a direct question whether Royston had destroyed the Royston USB, asserting a claim of attorney client privilege.

Later on April 28, CSA received a letter from Royston's current counsel, James Betts, who was "not able to make" the "meet and confer."  *See* attached copy.  Mr. Betts admitted that: (1) "Royston utilized a thumb drive storage device on her CSA computer, and that the thumb drive contained a number of CSA related documents," and he enumerated an extensive list of documents believed to have been on the Royston USB; and (2) Royston utilized this thumb drive



Hon. Yvonne Gonzalez Rogers
May 2, 2014
Page 2

as late as March 13, 2014 (well into her employment at RMC). According to Mr. Betts, Royston "has not been able to locate" this key piece of evidence. Mr. Betts also reported, however, that "Ms. Royston downloaded certain information onto the thumb drive while at CSA, and forwarded certain of that information to a computer to which she had access at home, as a backup." Inexplicably, Royston's home computer has not been produced and apparently has not been imaged, as required by the Preservation Order. CSA sought to have a "meet and confer" with Mr. Betts regarding the information disclosed for the first time in this April 28 letter, but he refused, insisting (contrary to Local Rule) that we needed to first communicate with him in writing on the subject before he would even engage in a call, notwithstanding that in fact we had written to him on the subject repeatedly.

**Issues 2 and 3: Defendants' Material and Misleading Report to the Court and Failure to Image Royston's Personal Computer**: The Court's Preservation Order required RMC to file with the Court a written report, signed under oath by an officer or managerial employee of RMC personally, setting forth in detail the manner and form in which "Defendant*s*" (plural) complied with the Court's Preservation Order. (Emphasis added.) The report RMC submitted (Dkt. 43) ("Scarff Declaration") failed to even mention the Royston USB. It also failed to disclose that Royston purportedly could not locate the device, even though she had been using it up through March 13. The Scarff Declaration also represents that Royston did not have a personal computer (¶ 8.d), contrary to the recent revelation in Mr. Betts' April 28 letter that Royston does indeed have a personal computer and that in fact she loaded information from the Royston USB onto that computer. At the time the Scarff Declaration was filed, the McCormick Barstow firm represented both RMC and Royston individually, so at least as much information as contained in Mr. Betts' April 28 letter was undoubtedly in their possession or certainly available to them when the Scarff Declaration was filed.

**Issue 4: Forensic Analysis of Defendants' Electronic Devices**: Defendants have refused to allow any forensic expert (either CSA's own expert or an expert jointly selected by the parties) to inspect the forensic images of Defendants' electronic devices. Initially, Defendants simply refused categorically to comply with this request. In the April 28 "meet and confer," Defendants did not object to producing the images for inspection, but claimed they are "too busy" reviewing documents for production and will not make the forensic images available until that process is completed.

Expert inspection of these forensic images is necessary to analyze, among other things: (1) whether Royston or any other Defendant deleted or altered evidence on their electronic devices; and (2) the dates of access, dates of modification, and file locations of relevant documents found on Defendants' electronic devices. Such forensic analysis does not require examination of the actual content of any documents, so Defendants' claims of privacy are irrelevant.

**Requested Relief**: Defendants should be ordered to show cause why they should not be sanctioned and also ordered to immediately produce documents from Royston's home computer



Hon. Yvonne Gonzalez Rogers
May 2, 2014
Page 3

and immediately produce the forensic images for every electronic device the individual Defendants have used.

**DEFENDANTS' RESPONSE**:  Plaintiff's application to this Court was undertaken without any meaningful attempt to meet and confer, and seeks to involve this Court in a purely manufactured discovery dispute.

**Factual Background**:  On March 28, 2014, this Court issued its Order regarding initial document collection and preservation, to which Defendants fully complied.  Consistent with this Court's Order, all Defendants were permitted to preserve their RMC and personal devices through forensic imaging.  Deborah Royston's RMC laptop and smart phone have been forensically imaged.  As of this date, all relevant and non-privileged information contained on Ms. Royston's gmail account and smart phone have been produced to Plaintiff.  Similarly, Ms. Royston's RMC emails have been produced to Plaintiff.

**Response to Issues 1 and 2: Royston's USB Drive**:  One point in contention involves a thumb drive storage devise Ms. Royston utilized while employed at CSA, which she openly admits contained CSA related documents.  On April 28, 2014, Ms. Royston voluntarily disclosed to all parties in this litigation that she was unable to locate the subject thumb drive despite diligent efforts to do so.  In her voluntary disclosure, Ms. Royston also confirmed that:

- She had utilized a thumb drive while at CSA, which contained a number of CSA related documents;
- Although Ms. Royston believes that the thumb drive remains in her possession, she has been unable to locate it, despite repeated attempts, since utilizing it on March 13, 2014;
- The only CSA information that Ms. Royston shared with anyone associated with RMC has been detailed in her declaration dated April 23, 2014, which was filed with this Court pursuant to the direction of Magistrate Ryu;
- Ms. Royston has not input any of the information from the thumb drive into any shared file or shared file system at RMC, and has not verbally communicated any CSA related information to anyone.

Plaintiff has failed to meet and confer:  By the instant application, Plaintiff seeks ex parte relief from this Court regarding access to Ms. Royston's computer without ever meeting and conferring on this issue.  First, Plaintiff's application makes deceptive reference to a meet and confer conference conducted on April 28, 2014 (which did not include Ms. Royston's counsel), without disclosing to the Court that said conference involved Defendants' continued production of literally millions of pages of documents, and the scheduling of Plaintiff's motion for preliminary injunction.  Second, Plaintiff flatly refused to engage in good-faith, or any, meet and confer exchange on the issue with Ms. Royston's counsel, despite repeated invitations to do so, preferring instead to burden this Court with a manufactured discovery dispute.[1]  (See attached

---

[1] It is particularly revealing that Plaintiff's application admits that the remaining Defendants also have not objected to producing their respective computer images for inspection.



Hon. Yvonne Gonzalez Rogers
May 2, 2014
Page 4

correspondence.)

At this juncture, Ms. Royston does not possess any computer, smart phone, or other electronic device that has not been produced for forensic imaging through Discovia[2]. Similarly, Ms. Royston has not refused to consent to an expert's review of her RMC computer to confirm that it has not been utilized to delete or alter evidence. However, Ms. Royston's computer is owned by RMC, who will have to be involved in any discussions regarding the manner and scope of any such forensic examination.

Succinctly stated, there is no basis to include this Court in matters which can be resolved through a meaningful meet and confer exchange on these issues.

**Response to Issue 3: Forensic Analysis of Electronic Devices**: In its brief, CSA contends that "defendants have refused to allow any forensic expert . . . to inspect the forensic images of Defendants' electronic devices." This statement is a complete misrepresentation of Defendants' position, which was stated clearly to CSA's counsel during the April 28 telephone conference (again, Ms. Royston's counsel was not present during this conference). When asked if Defendants would produce the images to CSA's expert, Defendants stated that they would not mail a copy of the images to the expert because they contain highly personal and confidential material. Defendants then stated that they would, of course, make the images available for CSA's expert who could review them, but only when Defendants' counsel were able to have a member of their offices in the room with the expert while s/he performed his or her work. As all of Defendants' counsel have been working around the clock reviewing documents to comply with CSA's incredibly broad document requests, there has been no time to date to conduct this review of the images. Defendants' counsel expressly stated, however, that the review most certainly could and should be conducted prior to the hearing on the motion for preliminary injunction. Furthermore, now that CSA has stipulated to a schedule that provides more time for Defendants to comply with their discovery obligations, Defendants are able to release a member from their offices to attend the inspection. CSA's counsel simply chose not to ask for an available date after agreeing to the new discovery schedule. Instead, he chose to file this unnecessary motion.

---

[2] Ms. Royston does not possess any other electronic devices subject to the Court's Order, including a home computer. Rather, Ms. Royston volunteered in her April 28, 2014 disclosure that certain CSA related documents were emailed to "a computer to which she had access to at home, as a back up". The referenced computer belongs to Ms. Royston's significant other, Steve Slawson. Ms. Royston does not own that computer, and does not possess the password to openly access that computer. Critically, the limited number of e-mails that Ms. Royston sent to Mr. Slawson's email address have already been produced to Plaintiff as part of Ms. Royston's gmail account. Moreover, Mr. Slawson has confirmed that he promptly deleted the subject e-mail upon receipt, and that he did not save, share or use any such information.



Hon. Yvonne Gonzalez Rogers
May 2, 2014
Page 5

|  |  |
|---|---|
| DATED:  May 2, 2014 | Respectfully submitted,<br><br>DORSEY & WHITNEY LLP<br><br>By:   /s/ Joseph W. Hammell<br>     JOSEPH W. HAMMELL<br>     DAVID J. MURPHY<br>     JOLYNN MARKISON<br>     JOEL O'MALLEY<br><br>Attorneys for Plaintiff Canon Solutions America, Inc. |
| DATED:  May 2, 2014 | MCCORMICK BARSTOW<br><br>By:   /s/ Timothy Thompson<br>     TIMOTHY THOMPSON<br><br>Attorneys for Defendants Ray Morgan Company, Inc., and RMC A Ray Morgan Company |
| DATED:  May 2, 2014 | LAWSON LASKI CLARK & POGUE, PLLC<br><br>By:   /s/ Erin Clark<br>     ERIN CLARK<br><br>Attorneys for Defendants Steve Rieger, Craig Collins, and Mark Hipperson |
| DATED:  May 2, 2014 | MOSCONE EMBLIDGE SATER & OTIS<br><br>By:   /s/ Patricia Murphy<br>     PATRICIA MURPHY<br><br>Attorneys for Defendant Anthony Bishop |
| DATED:  May 2, 2014 | BETTS, RUBIN & MCGUINNESS<br><br>By:   /s/ James Betts<br>     JAMES B. BETTS<br><br>Attorneys for Defendant Deborah Royston |

Attachments:   (1)   Letter from James Betts dated April 28, 2014
               (2)   Email chain between J. Betts and J. Hammell re "meet and confer"



Hon. Yvonne Gonzalez Rogers
May 2, 2014
Page 6

## ATTESTATION OF ELECTRONIC SIGNATURES

    Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer of this documents attests that concurrence in the filing of this document has been obtained from each of the other signatories.

                  DORSEY & WHITNEY LLP

                  By:   */s/ David J. Murphy*
                       JOSEPH W. HAMMELL
                       DAVID J. MURPHY
                       JOLYNN MARKISON
                       JOEL O'MALLEY

                  Attorneys for Plaintiff Canon Solutions America, Inc.