United States District Court

For the Northern District of California

1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10   CANON SOLUTIONS AMERICA, INC.,              No. C-14-01202-YGR  (DMR)

11                  Plaintiff(s),               **NOTICE OF AMENDED DISCOVERY
                                                PROCEDURES**
12          v.

13   RAY MORGAN COMPANY, INC.,
     ET AL,
14                  Defendant(s).
     _____/

15

16   TO ALL PARTIES AND COUNSEL OF RECORD:

17          The above matter was referred to Magistrate Judge Donna M. Ryu for resolution of

18   discovery disputes.  Judge Ryu's amended discovery procedures are set forth below, and should be

19   followed in all discovery disputes filed after the date of this notice.

20                      **RESOLUTION OF DISCOVERY DISPUTES**

21          In order to respond to discovery disputes in a flexible, cost-effective and efficient manner,

22   the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead,

23   as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

24   disagreements.  The meet and confer session must be **in person or by telephone,** and may not be

25   conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter **no**

26   **later than five business days** after the meet and confer session, unless otherwise directed by the

27   court. **Lead trial counsel for both parties must sign the letter**, which shall include an attestation

28   that the parties met and conferred in person or by telephone regarding all issues prior to filing the

letter.  **The letter must also include a paragraph listing relevant case management deadlines**, including (1) the fact and expert discovery cut-off dates; (2) the last day to hear or file dispositive motions; (3) claim construction or class certification briefing deadlines and hearing dates; and (4) pretrial conference and trial dates.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before moving to the next issue.  The joint letter shall not exceed **eight** pages (12-point font or greater; margins no less than one inch) without leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.**  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed **three** pages, which shall include an explanation of why a joint letter was not possible.  The parties shall submit one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in the exhibit.  No other exhibits shall be submitted without prior court approval.  The court will review the submission(s) and determine whether formal briefing or proceedings are necessary**.  Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief"**.

The court has found that it is often efficient and beneficial for counsel to appear in person at discovery hearings.  This provides the opportunity to engage counsel, where appropriate, in resolving aspects of the discovery dispute while remaining available to rule on disputes that counsel are not able to resolve themselves.  **For this reason, the court expects counsel to appear in person.**  Permission to attend by telephone may be granted upon written request made at least one week in advance of the hearing if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective discovery hearing.  The facts establishing good cause must be set forth in the request.

In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the discovery event shall proceed with objections noted for the record.

**United States District Court**
For the Northern District of California

### CHAMBERS COPIES AND PROPOSED ORDERS

Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "Chambers." All chambers copies should be three-hole punched, and must include tabs between exhibits.

Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

### PRIVILEGE LOGS

If a party withholds responsive information by claiming that it is privileged or otherwise protected from discovery, that party shall **promptly** provide a privilege log that is sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. Unless the parties agree to alternative logging methods, the log should include: (a) the title and description of the document, including number of pages or Bates-number range; (b) the subject matter addressed in the document; (c) the identity and position of its author(s); (d) the identity and position of all addressees and recipients; (e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and (f) the specific basis for the claim that the document is privileged or protected. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to promptly furnish a privilege log may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.


Dated:  August 11, 2014

_____
DONNA M. RYU
United States Magistrate Judge

3